**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GILDARDO JESUS VERA SANTOS,            ) | |
| )| |
| Petitioner,            ) | |
| )| |
| v.            )| Civil Action No. 3:26-cv-1159 |
| )| |
| LEONARD ODDO, *et al.*,            )| |
| )| |
| Respondents.            )| |

**MEMORANDUM ORDER**

### I.     INTRODUCTION

Presently pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") (Docket No. 1). Petitioner Gilardo Jesus Vera Santos ("Petitioner") is a native and citizen of Mexico who entered the United States without inspection in or around April. 1997. (Docket No. 1, ¶ 42).  Petitioner taken into custody and has been detained at Moshannon Valley Detention Center since June 15, 2026. (*Id*.). For the reasons set forth herein, the Petition shall be granted in part and denied in part.  The Writ shall issue, and Petitioner shall be afforded a bond hearing.

### II.     DISCUSSION

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225(b)(2), and, therefore, that he is entitled to a bond hearing. The Court agrees. In reaching this conclusion, this judicial officer is mindful of the interpretive canon of constitutional avoidance[1] and is constrained by what is believed to be

---

[1]     In addition to his statutory arguments, Petitioner also asserts an alleged constitutional violation of the Due Process Clause as an additional basis in support of his Petition.  There may come a time when mandatory civil detention without a bond hearing becomes unreasonable and thus unconstitutional.  *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020) (analyzing detention and Due Process Clause limits under §1226(c)).  However, the Supreme Court has held that detention during removal proceedings is a constitutionally

controlling authority on this issue. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (Alito, J.). Absent authority from the Supreme Court or the Third Circuit instructing a different interpretation, this judicial officer follows *Jennings* and joins most district court judges within the Third Circuit in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens such as Petitioner who are already present in the United States when detained and thus not "seeking" admission. *See Lopez Yoc v. Oddo,* No. 3:26-cv-785, 2026 WL 1579816 (W.D. Pa. June 3, 2026) (Hardy, J.); *see also, e.g.*, *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (holding that "§ 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country"); *Alvarez v. Noem*, No. 3:26-cv-73, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.) (same); *Silva Cova v. Rose*, No. 3:26-cv-101, 2026 WL 376921 (W.D. Pa. Feb. 11, 2026) (Stickman, J.) (same). Accordingly, the Court holds that Petitioner has a statutory right to an individualized bond hearing.

III.   CONCLUSION

Therefore, for the reasons set forth, Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART AND DENIED IN PART.

Accordingly, the Court enters the following Order:

---

permissible part of that process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention beyond the removal period per 8 U.S.C. § 1231 for a period of less than six months pending removal is presumed constitutional). As noted above, the parties (and other courts) have sparred over competing interpretations of §§ 1225 and 1226, thus part of the Court's consideration when interpreting these statutory provisions is whether a particular interpretation would avoid implicating a constitutional concern. *See Clark v. Martinez*, 543 U.S. 371, 380-82 (2005); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025). The Court's conclusion that § 1226 applies here, and that Petitioner is entitled to a bond hearing thereunder, is based in part upon this canon of constitutional avoidance. Consequently, the Court need not address Petitioner's constitutional basis to grant his Petition.

AND NOW, this 2nd day of July, 2026, IT IS HEREBY ORDERED that Petitioner Gildardo Jesus Vera Santos's Petition for Writ of Habeas Corpus (Docket No. 1) is GRANTED IN PART AND DENIED IN PART.

The Petition is GRANTED to the extent that the Writ shall issue on the following terms:

1. Within ten days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. Within seven days of the immigration judge's decision, the parties shall provide a joint notice on the docket advising the Court of the outcome of the bond hearing.

IT IS FURTHER ORDERED that Petitioner's request for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), is DENIED.  Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The key issue here is whether Petitioner is "an applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A).  Respondents argue that an "applicant for admission" is necessarily "seeking admission" until admitted or until removal proceedings are complete, including noncitizens such as Petitioner who have already been residing in the interior of the United States.  The Court concludes that Respondents' interpretation of §1225 is substantially justified.  The Court is also mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of the statutory phrases "applicant for admission" and "seeking admission," and that two separate United States Courts of Appeals have rendered decisions that support Respondents' position.  *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713,

735-61 (6th Cir. 2026) (Murphy, J., dissenting).  Therefore, the Court holds that Petitioner is not entitled to attorney fees and expenses under the EAJA.

The Petition is DENIED in all other respects.

The Clerk of Court shall mark this case closed.


*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

4